ALEXANDER GORDON AND ELIJAH S. B. VAIL v. AMANDA GORDON, ADM'X, ET AL.

*Partnership accounting—Real estate held in common by part of the firm—Mortgage of individual's interest.*

Two out of three partners owned the lands which were occupied for partnership purposes, as tenants in common under the same deed. The partnership articles, which were on record, set forth that it was agreed that upon the fulfillment of certain terms by the third partner, including the payment by him of ''one-third of the amount paid by them for the real estate purchased for the purposes of said business,'' they would convey to him an equal undivided one-third of said real estate. *Held* that the partnership articles did not make the lands partnership property, and if it was meant they should become so on payment by the third partner, they would not

come into the accounting, but would remain the property of the partners who held the title; one of the owners could therefore mortgage his interest in them, and in a suit for an accounting they could not be treated as partnership property as against the mortgagees.

Appeal from Berrien.    Submitted Oct. 19.    Decided Oct. 31.

BILL for accounting.    Complainants appeal.    Affirmed.

*Edward Bacon* and *Spafford Tryon* for complainants.

*Geo. S. Clapp* for appellees.

COOLEY, J.    This is a suit for an accounting in a partnership case.    The partners were the complainants and Robert M. Gordon, who has deceased pending the suit.    The principal business of the partnership was fruit raising in Berrien county in this State.    Alexander Gordon, who appears to have furnished most of the capital, lived at La Crosse, Wisconsin.    The title to the land by the use of which the business was carried on was in the two Gordons, apparently as tenants in common, and nothing in the conveyances to them indicated that it was partnership property.    Robert M. Gordon gave mortgages on his interest in these lands, and the mortgagees are made parties to this suit.    The complainants charge that the lands were the property of the partnership, and that all the mortgagees took their mortgages with notice of this fact.    The decree which has been made in the case adjudged a sum to be due from the partnership to Alexander Gordon in excess of all its assets, but negatived the charge in the bill that the mortgages were taken with notice of anything that should postpone them to partnership debts.    The complainants appeal, and the only question discussed on the appeal concerns the validity of these mortgages as against the partnership creditors.

The partnership was formed under written articles which were recorded in the office of the register of deeds, and complainants insist that these articles gave notice that the lands were partnership property.    By the articles the partners were to occupy for the purposes of their business " the

premises in the town of St. Joseph in the county of Berrien in the State of Michigan now occupied by them and purchased by them," and the Gordons were "to deliver in as capital stock all the money that is or may be necessary to carry on said business." It was among other things agreed "that at any time during the continuance of the said copartnership, or at the expiration thereof, upon said Vail paying to said Alexander Gordon and Robert M. Gordon, without interest, one-third of the moneys advanced and expended by them in the said business, and one-third of the amount paid by them for the real estate purchased for the purposes of said business," "said Alexander Gordon and Robert M. Gordon are to transfer and convey to said Vail, by warranty deed containing the usual full covenants, an equal undivided one-third part of said real estate, and transfer and deliver to said Vail one-third of the remaining property of said firm, whether the same be real or personal." Other clauses in the articles recognized in Vail an equal interest with the others in the partnership business.

We do not think these articles made the lands partnership property. They were not in terms put in as a part of the stock, and one of the partners had no interest in them whatever, beyond the right of present use with the rest for the partnership purposes. If it was contemplated they should become partnership property when he had made his payment, it is plain they could not be so before that time ; and if the partnership dissolved in the mean time, they would not be taken into the accounting, but remain the property of the two partners who held the title. *Adams v. Bradley* 12 Mich. 346 ; *Robertson v. Corsett* 39 Mich. 777. The articles, therefore, were no notice to those dealing with Robert M. Gordon that he was not at liberty to create liens upon his interest, for they did not take from him any of the customary incidents of ownership.

The other facts in the case make out strong equities in favor of Alexander Gordon, but they do not convert these lands into partnership property as against Robert's mortgagees.

It follows that the decree is right, and it must be affirmed with costs.

The other Justices concurred.